IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER L. YORK, D'ANGELO KEELING, INDIVIDUALLY )
and D'ANGELO KEELING, JR., a minor )
b/n/f D'ANGELO KEELING, his parent and legal guardian, )
)
    PLAINTIFFS, )
v. ) DOCKET NO:
)
UNITED STATES OF AMERICA, )
)
    DEFENDANT. )

## COMPLAINT

1. Plaintiffs Jennifer L. York, D' Angelo Keeling, Individually and D' Angelo Keeling, Jr., a minor, b/n/f D' Angelo Keeling (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b) 2671-80 *et seq.*, bring this personal injury action against the above-named Defendant, its employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1402 (b) in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

1

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., the Plaintiff on or about December 8, 2016, Plaintiffs presented their claims to the appropriate federal agency for administrative settlement under the FTCA requesting $200,000.00 or more. By letter dated August 25, 2017, Plaintiffs' claims were finally denied in writing by the Law Department National Tort Center of the United States Postal Service and such denials were sent by certified or registered mail to the Plaintiff. (File Nos: 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A/B/C). This lawsuit was then timely filed.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

7. The United States may be served with process in accordance with Rule (4) i of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, via certified mail, return receipt requested at his office, United States Attorney, Middle District of Tennessee, 110 9th Avenue S., Suite A-961, Nashville, Tennessee 37203, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's original Complaint on Jeffrey Sessions, Attorney General of the United States, via certified mail, return receipt requested, at

2

Case 3:18-cv-00095   Document 1   Filed 01/31/18   Page 2 of 5 PageID #: 2

the Department of Justice, Room 4400, 950 Pennsylvania Avenue, N. W. Washington, D.C. 20530-0001.

8. On May 22, 2016, a United States Postal vehicle driven by Marlana D. Cunningham struck a car driven by Plaintiff Jennifer York; while the Plaintiff's car was making a left turn.

9. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of its office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, as defined by 28 U.S.C. §2671.

10. At all times relevant to this Complaint, Plaintiffs, D' Angelo Keeling and D' Angelo Keeling, a minor were restrained passengers in the car driven by Jennifer York, and they were exercising their own requisite duty of care.

11. At all times material to the action, Marlana D. Cunningham was traveling east bound on Blackwood Drive near the intersection of Bell Road, in Nashville, Davidson County, Tennessee when she disregarded a traffic signal and negligently caused the USPS vehicle she was driving to collide with the vehicle operated by Jennifer York that was attempting to make a left turn onto Bell Road.

12. Defendant's employee, agent, and/or servant Marlana D. Cunningham was 100% at fault for the accident when she failed to: maintain the vehicle under proper and reasonable control, maintain a proper lookout for other vehicles on the roadway; to bring the vehicle under control and stop when there was sufficient time and distance to do so before striking the vehicle in which the Plaintiffs occupied; to drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway; and failed to use due care in the operation of the USPS vehicle.

3

13. Plaintiffs aver that Defendant, by and through its employee, agent, and/or servant, acting within the course and scope of its employment and/or agency breached the duty of care owed to Plaintiffs, by failing to use reasonable and due care in the operation of the USPS vehicle that collided with Plaintiff's vehicle.

14. Defendant's employee, agent, and/or servant Marlana D. Cunningham violated T.C.A. §55-8-136 (b) by failing to exercise due care to avoid colliding with Plaintiffs' car; and violated T.C.A. §55-8-128 by failing to yield the right of way to Plaintiffs' vehicle before entering an intersection.

15. As the direct and proximate result of the negligence, carelessness, and recklessness of the Defendant's employee, agent, and/or servant, Plaintiffs suffered serious injuries and damages. Plaintiffs further allege that they are entitled to damages, including but not limited to the following specific items od damages: physical pain, both past and future; emotional suffering and grief, both past and future; health care expenses, both past and future; loss of enjoyment of life; costs of this cause; and all other general damages and other relief allowed under the laws of the United States and state of Tennessee to which they may be entitled.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant, United States of America, as follows:

1. For a trial before the United States District Court;

2. For an award for the Plaintiffs in the form of a judgment against the Defendant for compensatory damages in an amount as described in §28 U.S.C. 2675, for the personal injury and disability suffered by the Plaintiffs as a proximate result of the Defendant USA's negligence.

3. For costs of this matter, including discretionary costs, to be taxed against the Defendant;

4. That Plaintiffs be awarded pre-judgment interest and post-judgment interest against the United States of America; and

5. Such other relief as the court may deem just and proper against the United States of America.

Respectfully submitted,

MORGAN & MORGAN-NASHVILLE

*/s/James P. McNamara*
James P. McNamara, #18127
Jason Gichner, #022100
810 Broadway, Suite 105
Nashville, TN 37219
Telephone:   615-514-4206
jmcnamara@forthepeople.com

*Attorney for Plaintiffs*
